IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GUSSIE R. WARD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:10cv177-CSC |
| | )                   (WO) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act. The ALJ, therefore, denied the plaintiff's claim for benefits. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

129, 131 (11th Cir. 1986). Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge. The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** The plaintiff was 48 years old at the time of the hearing before the ALJ and has a high school education. (R. 607). Following the hearing, the ALJ concluded that the plaintiff has severe impairments of diabetes with diabetic neuropathy, obesity, and

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

degenerative disc disease of the lumbar and cervical spine. (R. 22). Following the hearing, the ALJ concluded that the plaintiff could return to her past relevant work as a Nursery School Attendant, and thus, the ALJ concluded that the plaintiff is not disabled. (R. 25).

**B. Plaintiff's Claims.** The plaintiff presents two issues for the court's review. As stated by the plaintiff, the issues are as follows.

1.  The Commissioner's decision should be reversed[] because the ALJ erred in mechanically applying the Medical-Vocational Guidelines and in not obtaining vocational expert testimony.

2.  The Commissioner's decision should be reversed[] because although the ALJ found obesity to be a severe impairment, he failed to comply with SSR 02-01p in not adequately considering the impact of the obesity on Ms. Ward's ability to work.

(Pl's Br., doc, # 11, at 6).

### IV. Discussion

**A. Mechanical Application of the Medical-Vocational Grids.** The plaintiff argues that the ALJ "erred in mechanically applying the Medical-Vocational Guidelines and in not obtaining vocational expert testimony." (*Id*.). *See also* 20 C.F.R. Pt. 404, Subpt. P., App. 2. However, the ALJ did not conclude that Ward was not disabled based solely upon the Medical-Vocational Guidelines ("Grids") because, of course, exclusive reliance on the grids is appropriate only when a claimant has no non-exertional impairments that significantly limit his basic work activities. *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995); *Sryock v. Heckler*, 764 F.2d 834 (11th Cir. 1985). In this case, the ALJ did not apply the Grids at all.

Consequently, the ALJ did not err and Ward is entitled to no relief on this basis.

To the extent that the plaintiff asserts that the ALJ failed to obtain vocational expert testimony, she is not entitled to a remand. The Social Security Administration has developed a sequential evaluation process for determining if a plaintiff is disabled. 20 C.F.R. §§ 404.1520 and 416.920. The burden of proof is on the plaintiff to prove that she cannot perform her past relevant work. *Jackson v. Bowen*, 801 F.2d 1291, 1294 (11th Cir. 1986). After a plaintiff has shown that she cannot perform her past relevant work, the burden then falls upon the Commissioner to show that there are other jobs in the national economy that the plaintiff can perform. However, if the plaintiff can perform the kind or type of work she has performed in the past, she is not disabled.

The ALJ found that the plaintiff could perform her past relevant work as a nursery school attendant at step 4 of the sequential analysis, and the plaintiff does not challenge this finding. Vocational expert testimony is required at step 5 of the sequential analysis when the ALJ must determine whether the plaintiff can perform other work in the national economy. Because the ALJ truncated the sequential evaluation process at step 4 by concluding that the plaintiff could return to her past relevant work, any failure on the part of the ALJ to secure vocational expert testimony is of no consequence. While, as the court has concluded, it is not error to obtain evidence from a vocational expert, it is also not necessary and thus, not error to not do so. 20 C.F.R. § 416.960(b). *See also Lucas v.*

5

*Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990) (Vocational expert testimony is not required at step 4 to evaluate a plaintiff's ability to perform past relevant work). Therefore, the ALJ's failure to obtain vocational expert testimony does not warrant a remand in this case.

>   **B. Obesity**.   Finally, the plaintiff argues that the
> 
> although the ALJ found obesity to be a severe impairment, he failed to comply with SSR 02-01p in not considering the impact of the obesity on Ms. Ward's ability to work. In his decision, the ALJ found that Ms. Ward suffers from the severe impairment of obesity (Tr. 22). Despite the ALJ's own findings, he failed to consider this medically determinable impairment in his step two determination and failed to consider the limitations imposed by this chronic disease (see Tr. 20-25).

(Pl's Br. at 8).

Beyond this broad, generalized statement, Ward alleges no facts and points to no evidence in the record in support of her position that her obesity *impinges on her ability to work*. The burden is on the plaintiff to demonstrate that the Commissioner's decision is not supported by substantial evidence, and the argument of counsel is insufficient to meet this burden.

More importantly, however, the court concludes that the ALJ considered the effects of the plaintiff's obesity on her ability to perform work. Dr. Vanderzyl opined that Ward "had no limitation on her ability to sit, stand or walk and could perform the lifting and carrying capacity of light work." (R. 24). In determining Ward's residual functional capacity, the ALJ considered Dr. Vanderzyl's opinion about her abilities to sit, stand, walk,

6

lift and carry as well as her range of motion in her joints. Thus, the ALJ met any responsibility to consider the effect of Ward's obesity on her ability to work.

Finally, the court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. The plaintiff filed an application for disability on January 9, 2004, alleging an onset date of April 17, 2003. (R. 90). This application was denied on October 3, 2005, and the plaintiff did not appeal this denial. (R. 589-90). The plaintiff filed a new application for disability on February 28, 2006 alleging an onset date of October 25, 2005. (R. 20.) The medical evidence in the record also supports the ALJ's determination that Ward is not disabled. A MRI of Ward's lumbar spine on June 7, 2004, revealed "[f]acet arthropathy" but "[N]o HNP or significant stenosis." (R. 459). A cervical MRI on March 3, 2004, revealed "borderline/mild congenitally short pedicles from C3 through C6. Negative cervical spine MRI without contrast otherwise." (R. 460). X-rays on December 21, 2004 revealed a normal spine with "no evidence of any significant spinal stenosis." (R. 305). On November 29, 2005, Ward complained of lower back pain and pain in her left hip and right shoulder. (R. 482). X-rays of her shoulder and hip were normal with "[n] acute abnormalities." (R. 502). On December 28, 2005, she complained of left hip and lower back pain. (R. 478). "She fell while trying to get her dogs untangled on their leash." (*Id.*).

X-rays on February 8, 2008, indicated a "normal lumbar spine." (R. 538). During his consultative examination on August 19, 2008, Dr. Vanderzyl noted as follows:

> SPINE: Examination of her cervical spine shows a normal conformation in the A-P and lateral planes as does the dorsal spine. She has full active range of motion in the neck without significant pain, tenderness, or deformity. No paravertebral muscle spasm is seen. Examination of the lumbar spine demonstrates a normal lumbar lordosis. She has full flexion, full extension, right and lateral rotation and bending, all with significant discomfort at the extremes of motion. No paravertebral motion spasm is seen. . . . There is no pain or tenderness about her sacrolliac joints. . . . She has full active range of motion in the hips, knees, ankles and fore feet without pain, tenderness or deformity.
>
> LABORATORY AND X-RAYS: A-P and lateral x-rays were obtained of her lumbar spine and her cervical spine. Examination of the lumbar spine demonstrates a normal conformation in the A-P and lateral planes with a level pelvis height. All vertebral bodies are of normal height and dimensions. All vertebral disk spaces are of absolutely normal height. There are no calcifications, either traction spurs or enlistetic calcifications present. All neuro foramina are wide open and her bone structure appears excellent. Her pelvis is of normal conformation with wide open symphysis pubis and bilateral SI joints. Both hips appear to be completely normal. The lumbar spine demonstrates no evidence of facet hypertrophy. There is no spondylolysis, spondylolisthesis or segmental instability present. A-P and lateral views of her cervical spine were obtained. She has a normal conformation in the A-P and lateral planes. All vertebral bones and all disk spaces appear of normal height and dimensions without calcifications. Her A-P diameter of her cervical medullary canal appear to be normal and all bone structure is normal.

(R. 560-61).

"Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec. Admin.,* 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)). *See also Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988). This the plaintiff has failed to do.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

Done this 5th day of May, 2011.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE